IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MICHAEL KENT, Individually and On Behalf of All Others Similarly Situated, | ) ) ) |
| Plaintiff, | ) ) Case No. _____ |
| v. | ) ) ) CLASS ACTION ) |
| ARRIS INTERNATIONAL PLC, ROBERT J. STANZIONE, BRUCE MCCLELLAND, ANDREW W. BARRON, J. TIMOTHY BRYAN, JAMES A. CHIDDIX, ANDREW T. HELLER, JEONG KIM, BARTON Y. SHIGEMURA, DOREEN A. TOBEN, DEBORA J. WILSON, DAVID A. WOODLE, and COMMSCOPE HOLDING COMPANY, INC., | ) JURY TRIAL DEMANDED ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

**COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934**

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

**NATURE OF THE ACTION**

1. This action stems from a proposed transaction announced on November 8, 2018 (the "Proposed Transaction"), pursuant to which ARRIS International plc ("ARRIS" or the "Company") will be acquired by CommScope Holding Company, Inc. ("CommScope").

2. On November 8, 2018, ARRIS's Board of Directors (the "Board" or "Individual Defendants") caused the Company to enter into an agreement and plan of merger (the "Merger Agreement") with CommScope. Pursuant to the terms of the Merger Agreement, ARRIS's stockholders will receive $31.75 in cash for each share of ARRIS common stock they hold.

3. On November 30, 2018, defendants filed a proxy statement (the "Proxy Statement") with the United States Securities and Exchange Commission (the "SEC") in connection with the Proposed Transaction.

4. The Proxy Statement omits material information with respect to the Proposed Transaction, which renders the Proxy Statement false and misleading. Accordingly, plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Proxy Statement.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over all claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

6. This Court has jurisdiction over defendants because defendants are either corporations that conduct business in and maintain operations within this District, or are individuals with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper under 28 U.S.C. § 1391 because a substantial portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES

8. Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of ARRIS common stock.

9. Defendant CommScope is a Delaware corporation and a party to the Merger Agreement.

10. Defendant ARRIS is a public limited company incorporated under the laws of England and Wales. ARRIS's common stock is traded on the NasdaqGS under the ticker symbol "ARRS." ARRIS is a party to the Merger Agreement.

11. Defendant Robert J. Stanzione is Chairman of the Board of the Company.

12. Defendant Bruce McClelland is Chief Executive Officer and a director of the Company.

13. Defendant Andrew M. Barron is a director of the Company.

14. Defendant J. Timothy Bryan is a director of the Company.

15. Defendant James A. Chiddix is a director of the Company.

16. Defendant Andrew T. Heller is a director of the Company.

17. Defendant Jeong Kim is a director of the Company.

18. Defendant Barton Y. Shigemura is a director of the Company.

19. Defendant Doreen A. Toben is a director of the Company.

20. Defendant Debora J. Wilson is a director of the Company.

21. Defendant David A. Woodle is a director of the Company.

22. The defendants identified in paragraphs 11 through 21 are collectively referred to herein as the "Individual Defendants."

## CLASS ACTION ALLEGATIONS

23. Plaintiff brings this action as a class action on behalf of himself and the other public stockholders of ARRIS (the "Class"). Excluded from the Class are defendants herein and any person, firm, trust, corporation, or other entity related to or affiliated with any defendant.

24. This action is properly maintainable as a class action.

25.     The Class is so numerous that joinder of all members is impracticable. As of November 8, 2018, there were approximately 173,858,030 shares of ARRIS common stock outstanding, held by hundreds, if not thousands, of individuals and entities scattered throughout the country.

26.     Questions of law and fact are common to the Class, including, among others, whether defendants violated the 1934 Act and whether defendants will irreparably harm plaintiff and the other members of the Class if defendants' conduct complained of herein continues.

27.     Plaintiff is committed to prosecuting this action and has retained competent counsel experienced in litigation of this nature. Plaintiff's claims are typical of the claims of the other members of the Class and plaintiff has the same interests as the other members of the Class. Accordingly, plaintiff is an adequate representative of the Class and will fairly and adequately protect the interests of the Class.

28.     The prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for defendants, or adjudications that would, as a practical matter, be dispositive of the interests of individual members of the Class who are not parties to the adjudications or would substantially impair or impede those non-party Class members' ability to protect their interests.

29.     Defendants have acted, or refused to act, on grounds generally applicable to the Class as a whole, and are causing injury to the entire Class. Therefore, final injunctive relief on behalf of the Class is appropriate.

## SUBSTANTIVE ALLEGATIONS

### Background of the Company and the Proposed Transaction

30.     ARRIS is a global innovator in IP, video, and broadband technology. The

Company partners with the world's leading service providers and enterprises to provide core-to-edge network innovation, connectivity that meets consumer demands, and cost-effective, scalable solutions.

31. On November 8, 2018, ARRIS's Board caused the Company to enter into the Merger Agreement with CommScope.

32. Pursuant to the terms of the Merger Agreement, ARRIS's stockholders will receive $31.75 in cash for each share of ARRIS common stock they hold.

33. According to the press release announcing the Proposed Transaction:

CommScope (NASDAQ: COMM), a global leader in infrastructure solutions for communications networks, has agreed to acquire ARRIS International plc (NASDAQ: ARRS), a global leader in entertainment and communications solutions, in an all-cash transaction for $31.75 per share, or a total purchase price of approximately $7.4billion, including the repayment of debt.

In addition, The Carlyle Group, a global alternative asset manager, has reestablished an ownership position in CommScope through a $1 billion minority equity investment as part of CommScope's financing of the transaction.

The combination of CommScope and ARRIS, on a pro forma basis, would create a company with approximately $11.3 billion in revenue and adjusted EBITDA (earnings before interest, taxes, depreciation and amortization) of approximately $1.8 billion, based on results for the two companies for the 12 months ended September 30, 2018.

The combined company is expected to drive profitable growth in new markets, shape the future of wired and wireless communications, and position the new company to benefit from key industry trends, including network convergence, fiber and mobility everywhere, 5G, Internet of Things and rapidly changing network and technology architectures.

ARRIS, an innovator in broadband, video and wireless technology, combines hardware, software and services to enable advanced video experiences and constant connectivity across a variety of environments – for service providers, commercial verticals, small enterprises and the people they serve. ARRIS has strong leadership positions in the three segments in which it operates:

•Customer Premises Equipment (CPE),featuring access devices such as broadband modems, gateways and routers and video set-tops and gateways;

•Network & Cloud (N&C), combining broadband and video infrastructure with cloud-based software solutions; and

•Enterprise Networks, incorporating the recently acquired Ruckus Wireless® and ICX Switch® businesses, and focusing on wireless and wired connectivity, including Citizens Broadband Radio Service
solutions.

For the 12 months ended September 30, 2018, ARRIS generated revenues of approximately $6.7 billion, consisting of $3.9 billion from CPE, $2.2 billion from N&C and $568 million from Enterprise Networks (reflecting only a partial year of Ruckus since its acquisition in December 2017). . . .

Terms and Financing

The per share cash consideration represents a premium of approximately 27 percent to the volume weighted average closing price of ARRIS' common stock for the 30 trading days ended October 23, 2018, the day prior to market rumors regarding a potential transaction.

The transaction is not subject to a financing condition. CommScope expects to finance the transaction through a combination of cash on hand, borrowings under existing credit facilities and approximately $6.3 billion of incremental debt for which it has received debt financing commitments from J.P. Morgan Securities LLC, BofA Merrill Lynch and Deutsche Bank Securities Inc.

In addition, The Carlyle Group, a former CommScope owner, is reestablishing a minority ownership position in the company through a $1 billion equity investment, equal to approximately 16 percent of CommScope's outstanding shares. . . .

Leadership and Headquarters

Following completion of the combination, Eddie Edwards will continue in his role as president and chief executive officer of CommScope, with Bruce McClelland and other members of the ARRIS leadership team joining the combined company.

### *The Proxy Statement Omits Material Information*

34. Defendants filed the Proxy Statement with the SEC in connection with the Proposed Transaction.

35. As set forth below, the Proxy Statement omits material information with respect to the Proposed Transaction.

36. The Proxy Statement omits material information regarding the Company's financial projections and the analyses performed by the Company's financial advisor in connection with the Proposed Transaction, Evercore Group L.L.C. ("Evercore").

37. With respect to the Company's financial projections, the Proxy Statement fails to disclose: (i) all line items used to calculate non-GAAP EBITDA; (ii) unlevered free cash flow and all underlying line items; (iii) a reconciliation of all non-GAAP to GAAP metrics; and (iv) projections for years 2022 and 2023.

38. With respect to Evercore's Discounted Cash Flow Analysis, the Proxy Statement fails to disclose: (i) the unlevered, after-tax free cash flows for ARRIS and all underlying line items; (ii) the estimated terminal value for ARRIS; (iii) the individual inputs and assumptions underlying the range of discount rates from 10.0% to 11.0% and the perpetuity growth rates of negative 0.5% to positive 1.5%; and (iv) ARRIS's estimated net debt and noncontrolling interests.

39. With respect to Evercore's Selected Publicly Traded Companies Analysis, the Proxy Statement fails to disclose the individual multiples and financial metrics for the companies observed by Evercore in the analysis.

40. With respect to Evercore's Premiums Paid Analysis, the Proxy Statement fails to disclose the transactions observed by Evercore in the analysis as well as the premiums paid in such transactions.

41. With respect to Evercore's Illustrative Leveraged Buyout Analysis, the Proxy Statement fails to disclose the Company's financial projections for years 2022 and 2023.

42. The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial

advisor in support of its fairness opinion. Moreover, when a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

43. The Proxy Statement also omits material information regarding potential conflicts of interest of the Company's officers and directors.

44. Specifically, the Solicitation Statement fails to disclose the timing and nature of all communications regarding future employment and directorship of the Company's officers and directors, including who participated in all such communications.

45. Communications regarding post-transaction employment during the negotiation of the underlying transaction must be disclosed to stockholders. This information is necessary for stockholders to understand potential conflicts of interest of management and the Board, as that information provides illumination concerning motivations that would prevent fiduciaries from acting solely in the best interests of the Company's stockholders.

46. The omission of the above-referenced material information renders the Proxy Statement false and misleading, including, *inter alia*, the following sections of the Proxy Statement: (i) Background of the Acquisition; (ii) Recommendation of the ARRIS Board of Directors; (iii) Reasons for the Acquisition; (iv) Opinion of Financial Advisor; and (v) Certain Financial Projections.

47. The omitted information, if disclosed, would significantly alter the total mix of information available to the Company's stockholders.

## COUNT I

### Claim for Violation of Section 14(a) of the 1934 Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and ARRIS

48.     Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

49.     The Individual Defendants disseminated the false and misleading Proxy Statement, which contained statements that, in violation of Section 14(a) of the 1934 Act and Rule 14a-9, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially false or misleading. ARRIS is liable as the issuer of these statements.

50.     The Proxy Statement was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy Statement.

51.     The Individual Defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

52.     The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy Statement and in other information reasonably available to stockholders.

53.     The Proxy Statement is an essential link in causing plaintiff and the Company's stockholders to approve the Proposed Transaction.

54.     By reason of the foregoing, defendants violated Section 14(a) of the 1934 Act and Rule 14a-9 promulgated thereunder.

55. Because of the false and misleading statements in the Proxy Statement, plaintiff and the Class are threatened with irreparable harm.

## COUNT II

### Claim for Violation of Section 20(a) of the 1934 Act
### Against the Individual Defendants and CommScope

56. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

57. The Individual Defendants and CommScope acted as controlling persons of ARRIS within the meaning of Section 20(a) of the 1934 Act as alleged herein. By virtue of their positions as officers and/or directors of ARRIS and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

58. Each of the Individual Defendants and CommScope was provided with or had unlimited access to copies of the Proxy Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

59. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same. The Proxy Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly involved in the making of the Proxy Statement.

60. CommScope also had direct supervisory control over the composition of the Proxy Statement and the information disclosed therein, as well as the information that was omitted and/or misrepresented in the Proxy Statement.

61. By virtue of the foregoing, the Individual Defendants and CommScope violated Section 20(a) of the 1934 Act.

62. As set forth above, the Individual Defendants and CommScope had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act. As a direct and proximate result of defendants' conduct, plaintiff and the Class are threatened with irreparable harm.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment and relief as follows:

A. Enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C. Directing the Individual Defendants to file a Proxy Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D. Declaring that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

E. Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

F. Granting such other and further relief as this Court may deem just and proper.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: December 11, 2018

**RIGRODSKY & LONG, P.A.**

By: */s/ Gina M. Serra*
    Brian D. Long (#4347)
    Gina M. Serra (#5387)
    300 Delaware Avenue, Suite 1220
    Wilmington, DE 19801
    Telephone: (302) 295-5310
    Facsimile: (302) 654-7530
    Email: bdl@rl-legal.com
    Email: gms@rl-legal.com

**OF COUNSEL:**

**RM LAW, P.C.**
Richard A. Maniskas
1055 Westlakes Drive, Suite 300
Berwyn, PA 19312
Telephone: (484) 324-6800
Facsimile: (484) 631-1305
Email: rm@maniskas.com

*Attorneys for Plaintiff*